7241

### BOATWRIGHT v. CROSBY.

DEEDS—MORTGAGES.—THE BURDEN resting upon appellant to show error below in finding that deed was intended as a mortgage, and he having failed to show the preponderance of evidence is in his favor, finding on Circuit is affirmed.

Before HYDRICK, J., Colleton, March, 1908. Affirmed.

Action by Moses Boatwright against J. M. Crosby. From judgment for plaintiff, defendant appeals.

*Messrs. Howell & Gruber,* for appellant, cite: *When deed will be declared mortgage:* 31 S. C., 276. *Parol evidence necessary to establish the fact:* 52 S. C., 54; 3 Pom. Eq., sec. 1196. *Presumption is deed is what it purports to be:* 50 S. C., 171; 54 S. C., 192; 66 S. C., 85; 55 S. C., 51, 510.

*Mr. J. S. Griffin,* contra, cites: *When this Court may reverse finding below:* 55 S. C., 198; 56 S. C., 154, 418; 70 S. C., 551; 44 S. C., 430; 58 S. C., 240; 57 S. C., 402, 89; 45 S. C., 33.

July 17, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action in which the plaintiff seeks the aid of the Court, in the exercise of its chancery powers, to have a deed, absolute in form, by the plaintiff to the defendant declared a mortgage.

The cause was referred to the master, to hear and determine all the issues, and he reported, "after some hesitancy," that the deed was absolute in fact as well as upon its face, and recommended that the complaint be dismissed.

On exceptions to the master's report, his Honor, Judge Hydrick, reversed the conclusions of the master, whereupon the defendant appealed to this Court.

The single question involved is, whether the said deed was intended as a mortgage.

The burden rested upon the appellant to show error, on the part of his Honor, the Circuit Judge, in his finding that the deed was intended as a mortgage.

The testimony is conflicting upon every material fact; and the appellant has failed to satisfy this Court that the preponderance of the evidence is in his favor.

It would subserve no useful purpose to narrate the details of testimony.

The judgment of the Circuit Court is affirmed.